**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

Allisyn Burk,

         Plaintiff,

vs.              **Case No.** 13-cv-2440 RDR/KGS

Berman & Rabin, P.A.,       **JURY TRIAL DEMANDED**

         Defendant.

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's cause of action against Defendant states as follows:

### Jurisdiction and Venue

1. This Court has concurrent jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, and 15 U.S.C. §1692k(d) (the Fair Debt Collection Practices Act).

2. Venue and personal jurisdiction are proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiff resides here and Defendant chose this venue in its attempt to collect a debt against Plaintiff.

### Parties

3. Plaintiff Burk is a natural person residing in Johnson County, Kansas.

4. Defendant Berman & Rabin, P.A. is a Kansas professional corporation chartered under Kansas law, and conducts collection efforts against Kansas consumers.

### Factual Allegations Common to all Counts

5. On August 31, 2012, Ozark Capital Corporation, represented by Berman & Rabin, P.A, filed a lawsuit against Ms. Burk in the Johnson County, Kansas, District Court Limited Actions Division, case number 12-LA-07988.

1

6. On October 18, 2012, Ms. Burk filed an Answer with the limited actions court in which she denied the allegations in the petition because the claim was barred by the statute of limitations.

7. On November 9, 2012, Ozark Capital Corporation responded to Ms. Burk's Requests for Production of Documents and provided a Notice of Cure of Default alleging that a breach occurred on or before March 14, 2005, some seven and a half years before the filing of the lawsuit and clearly exceeding the five year statute of limitations prescribed by K.S.A. §60-511.

8. Therefore, the documents supplied by Ozark Capital Corporation establish that the alleged breach occurred more than five years before the filing of the petition.

9. Furthermore, the documentation failed to establish that Plaintiff had borrowed or made any payments on the account in the years following March 14, 2005.

10. On April 11, 2013, the District Court granted Ms. Burk's Motion for Summary Judgment to dismiss because the debt was barred by the applicable statute of limitations.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

COMES NOW Plaintiff Burk and for Count I of her cause of action against Berman & Rabin, P.A., states and alleges:

11. Plaintiff Burk incorporates by reference the preceding paragraphs.

12. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*.

(hereinafter FDCPA), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

13. Plaintiff is a consumer as defined by 15 USC §1692a(3) of the FDCPA.

14. The principal purpose of Defendant is the collection of consumer debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

15. Defendant is a debt collector as defined by 15 USC §1692a(3) who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts; or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; or by taking assignment of a debt already declared to be in default by the originating creditor.

16. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

17. The standard in determining whether the Defendant violated the FDCPA is the least sophisticated consumer standard.  Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse.  *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir.

1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir. 1991).

18.     By suing Plaintiff on a time barred debt, Defendant violated 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f(1), by falsely representing the legal status of the debt in the complaint filed on August 31, 2012, and demanding an amount not expressly authorized by the agreement creating the debt or permitted by law.

19.     Defendant violated 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by attempting to collect on a time barred debt.

20.     As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorneys' fees.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.   Statutory damages;

   b.   Actual damages, including any filing fees in the underlying lawsuit.

   c.   Attorneys' fees, litigation expenses and costs of suit; and

   d.   Such other or further relief as the Court deems appropriate.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the Federal Court in Kansas City, Kansas as the place of trial.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff Allisyn Burk demands trial by jury in this action of all issues so triable.

Dated:  August 29, 2013

Respectfully submitted,

By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael H. Rapp #25702
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:  913-371-0147
Email: AJ@KCconsumerlawyer.com
          MR@KCconsumerlawyer.com
Attorneys for Plaintiff